McCarthy, J.
(dissenting). When defendant pleaded guilty to two counts of attempted forgery in the second degree, County Court made a conditional promise to run the terms of imprisonment concurrently. At sentencing, however, the court incorrectly stated that it had made no commitments regarding sentencing. Rather than correct the court’s misconception, the People and defense counsel agreed with the court’s erroneous statement that no commitment had been made. On appeal, defendant’s sole argument is that the court erred by departing from its conditional promise. While that argument is unpreserved, we should exercise our interest of justice jurisdiction and take corrective action by vacating the sentences and remitting for further proceedings, because defendant’s argument has merit and is unpreserved due to counsel’s failure to properly advocate for defendant at sentencing (see People v Lewis, 98 AD3d 1186, 1186 [2012]; People v Gabbidon, 96 AD3d 1235, 1236 [2012]).
For a court to enhance a sentence or deviate from a conditional promise, the defendant must violate “an explicit and objective plea condition” (People v Becker, 80 AD3d 795, 796 [2011]). Here, County Court conditioned its promise of concurrent sentencing on defendant complying with certain terms. The only condition at issue here is that she “cooperate with Probation in the preparation of that presentence report.” The majority states that defendant “repeatedly attempted to avoid being interviewed by the Probation Department.” This statement is presumably based on the presentence investigation report (hereinafter PSI), which states that the writer made multiple attempts to communicate with defendant before making telephone contact, and that defendant made five attempts to evade an interview. No further details are given regarding the PSI *1120 writer’s difficulty in contacting defendant. It could be that the writer had an incorrect phone number or she called but defendant had no answering machine. Without further information, the difficulty in reaching defendant cannot be deemed intentional or attributed to her. As for the alleged five attempts at evasion (all occurring during a single phone call), the writer notes that defendant indicated that she was required to complete mental health and substance abuse evaluations, and she had already scheduled evaluations during three of the times offered for the interview with the Probation Department. For two other offered appointment times, defendant referred to her difficulties with transportation. The PSI does not contain any evidence that these proffered excuses were fabricated. Indeed, it would be responsible of defendant to turn down potential interview times when she was already booked for court-ordered evaluations or when she would be unable to obtain transportation. According to the PSI, defendant appeared at the interview once it was scheduled (compare People v Stanley, 100 AD3d 1152, 1152-1153 [2012]). With the limited information before us, we cannot find that the difficulty in arranging an interview time constitutes a lack of cooperation in completing the PSI.
During the interview, the PSI writer deemed defendant’s answers vague, evasive and contradictory. County Court’s condition, however, was that defendant “cooperate,” which is a subjective term. The condition was not that defendant give information that was consistent with other sources, or even that she provide “truthful” answers (see People v Gabbidon, 96 AD3d at 1236; People v Becker, 80 AD3d at 796-797; compare People v Hicks, 98 NY2d 185, 187-189 [2002]; People v Coffey, 77 AD3d 1202, 1204 [2010], lv denied 18 NY3d 882 [2012]). As the condition that defendant allegedly violated was not explicit and objective in this context, and defendant did not concede that she violated any condition, the court erred in deviating from its conditional promise (see People v Gabbidon, 96 AD3d at 1236; compare People v Hicks, 98 NY2d at 189). Absent a proven violation, the court was required to either adhere to its promise to impose the sentences concurrently or, if the court felt that it could not abide by its promise due to information in the PSI, provide defendant with an opportunity to withdraw her plea before imposing an enhanced sentence (see People v Lewis, 98 AD3d at 1187; People v Gabbidon, 96 AD3d at 1236; People v Becker, 80 AD3d at 797). Under the circumstances, we should modify the judgments in the interest of justice by vacating the sentences and remitting for further proceedings.
Garry, J., concurs.
Ordered that the judgments are affirmed.